APPEAL OF TROOST AVENUE CEMETERY ASSOCIATION.

Docket No. 1114.   Decided September 29, 1926.

*Justin D. Bowersock, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the Commissioner.

Deficiencies aggregating $1,394.36, income tax for 1920, 1921, and 1922, arising from the inclusion in petitioner's income of amounts alleged to be a trust fund for perpetual maintenance.

#### FINDINGS OF FACT.

The petitioner is a Missouri corporation which owns " Forest Hill Cemetery," at Kansas City, and sells lots for burial purposes.

On May 25, 1914, it executed a trust agreement with the Fidelity Trust Co., now the Fidelity National Bank and Trust Co. of Kansas City, trustee, establishing a trust fund to assure the proper care and attention of the cemetery. At the time of making the agreement it placed certain securities in the fund and agreed to add any gifts or

bequests made to it for such purpose. It also agreed "with said trustee for the benefit of all present owners and future purchasers of a lot in said cemetery, to deposit with said trustee or its successors in this trust, 5 per cent of the gross amount of money received from the sale of all lands in said cemetery made after the date of this agreement." The trustee was to pay interest on the fund until invested and was to invest the deposits whenever they reached $1,000. For twenty years from January 1, 1904, no part of the fund or its income was to be used for cemetery purposes and after January 1, 1924, the income was to be used for perpetual maintenance. The principal of the fund was never to be used for any purpose.

The original trust agreement was modified by a supplemental agreement of May 22, 1918, so as to change the period of accumulation from 20 years to a period ending when the principal of the fund becomes $300,000, the Cemetery Company agreeing to maintain the cemetery during such period. No part of the principal of the fund was to be used, except to pay expenses of the trust, until the $300,000 was accumulated. The income of the fund was payable to the Cemetery Company for maintenance. The duty of the Cemetery Company continued "to deposit with the trustee five per cent of the gross amount of all money received by it at any time from the sale of lands in said cemetery."

By a second supplemental agreement of May 1, 1922, the Cemetery Company agreed to deposit an additional "five per cent of the gross amount of money received from the sales of all lands in said Forest Hill Cemetery made after the date of this agreement."

As each lot was sold a deed was given in which no reference was made to perpetual care, or the trust agreement, or an apportionment of the purchase price. At the same time the Cemetery Company issued a receipt containing the statement, "the total amount to be paid in purchase of said lot being $————, of which $———— represents actual cost of lot and $———— represents deposit made for Permanent Maintenance of the lot in accordance with agreement between the Fidelity Trust Company in behalf of all purchasers of lots and the Troost Avenue Cemetery Company."

During the years in question many of the lots were sold on deferred payments. At the time the deed was executed 5 per cent of the purchase price was received by petitioner and deposited with the trustee. The progress of the fund was as follows:

| | | |
|---|---|---|
| December 31, 1919, amount in fund | | $43,930.78 |
| Interest on fund in 1920 | $2,229.83 | |
| Deposits 5% sales price 1920 | 1,886.50 | |
| | | 4,116.33 |

| | | |
|---|---|---|
| December 31, 1920_____ | | $48,047.11 |
| Interest on fund in 1921_____ | $2,922.38 | |
| Deposits 5% sales price 1921_____ | 2,879.55 | |
| | | 5,801.93 |
| December 31, 1921_____ | | 53,849.04 |
| Interest on fund in 1922_____ | 2,541.51 | |
| Deposits 5% and 10% sales price 1922_____ | 3,996.10 | |
| | | 6,537.61 |
| December 31, 1922_____ | | 60,386.65 |

No part of this amount has been paid to the petitioner, but the entire fund is still held by the trustee.

### OPINION.

STERNHAGEN: The Commissioner has disallowed the deduction of the aforesaid amounts of $4,116.33 for 1920, $5,801.93 for 1921, and $6,537.61 for 1922, " inasmuch as such fund constitutes a reserve to provide for the future expenses of the corporation." In this we think he was in error. The deposit with the trustee was a present outlay pursuant to an obligation incurred in carrying on its business and forever beyond the recovery or control of the petitioner. The trust was expressly established and, unlike the *Appeal of Springdale Cemetery Assn.*, 3 B. T. A. 223, the commitment was complete and the fund was irrevocably in the possession of another. We think that the full amount received by petitioner from the purchasers of lots was gross income and the percentage of the gross amount paid to the trustee under the trust agreement was deductible as an ordinary and necessary expense. The interest received by the trustee is clearly gross income of the trust and not of the Cemetery Company, which neither received it nor benefited by it.

*Judgment for the petitioner.*